**Laurence Z. COHEN, Plaintiff–Appellant,**

v.

**Patricia A. WILSON–COKER, Commissioner, Connecticut Department of Social Services, Defendant–Appellee.**

Docket No. 02–7697.

United States Court of Appeals, Second Circuit.

May 14, 2003.

Laurence Z. Cohen, East Windsor, Conn., pro se.

Richard J. Lynch, Assistant Attorney General (Richard Blumenthal, Attorney General of for the State of Connecticut, and Paul J. Lahey, Assistant Attorney General, on the brief), Hartford, Conn., for Appellee.

Present: WALKER, Chief Judge, CARDAMONE, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Laurence Z. Cohen appeals from the May 2, 2002, judgment of the district court granting summary judgment in favor of defendant-appellee Patricia A. Wilson–Coker, Commissioner of the Connecticut Department of Social Services, denying Cohen's cross-motion for summary judgment, and dismissing Cohen's complaint, filed under 42 U.S.C. § 1983, alleging that Wilson–Coker violated federal law and Cohen's constitutional rights by including the cash surrender value of his Korean War Veterans National Service Life Insurance ("NSLI") policy as resources in determining whether Cohen was eligible to continue receiving benefits under the Qualified Medicare Beneficiary ("QMB") and Medical Assistance to the Aged, Blind, and Disabled ("MAABD") programs of Title XIX of the Social Security Act, 42 U.S.C. § 1396, *et seq* ("Medicaid"). In granting summary judgment, the district court found, *inter alia*, that the federal Medicaid and Medicare provisions did not require that Cohen's NSLI policy be excluded from his resources.

This Court reviews the district court's grant of summary judgment *de novo*, drawing all factual inferences in favor of the non-moving party. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003). We find that the district court properly determined that Wilson–Coker did not violate federal eligibility requirements by discontinuing Cohen's participation in the programs on the ground that Cohen's resources, including the cash value of his NSLI policy, exceeded allowable amounts.

A person is eligible for assistance under the various Medicaid programs only if his income and resources fall below established limits. *See, e.g.*, 42 U.S.C. § 1382(a). The relevant federal statute provides that "[i]n determining the resources of an individual (or eligible spouse) an insurance policy shall be taken into account only to the extent of its cash surrender value; except that if the total face value of all life insurance policies on any person is $1,500 or less, no part of the value of any such policy shall be taken into account." *Id.* at § 1382b(a); *see also* 20 C.F.R. § 416.1230(a).

Cohen acknowledges that the face value of his NSLI policy exceeds $1,500. In addition, as noted by the hearing officer, the annual insurance policy statement Cohen received from the Department of Veteran's Affairs in March 27, 2000, established that his NSLI policy had a cash surrender value of $4,689.57, thereby exceeding the resource limits imposed by the Connecticut Department of Social Services. On this basis, the hearing officer concluded that, in the absence of evidence that Cohen, following notice, had reduced his resources to below the maximum allowable amount, Wilson–Coker could discontinue his QMB and MAABD benefits.

On appeal, Cohen argues primarily that the district court erred in rejecting his reliance on *Wilczynski v. Harder*, 323 F.Supp. 509 (D.Conn.1971). In that case, however, the issue was whether Connecticut's former practice of exempting NSLI policies from a beneficiary's resources violated the equal protection rights of other beneficiaries whose "general" insurance policies were *not* exempted. *Id.* at 513, 519. The court's holding that the exemption did not violate equal protection does not support Cohen's argument that the state *must* exempt NSLI. *See id.* at 520–21. Put another way, the fact that there may be justifiable reasons to exempt NSLI, as was found by the *Wilczynski* court, does not mean that a state is *consti-*

*tutionally* obligated to do so. *See id.* at 520.

The Medicaid provisions authorize the state to determine the income and asset limitations, including any exemptions, so long as the limits are reasonable and do not conflict with express requirements of the federal Medicaid and Medicare provisions. *See* 42 U.S.C. §§ 1396, 1396a(10) & (17). Despite Cohen's argument to the contrary, none of the various Medicaid and Medicare provisions differentiates NSLI policies from non-governmental policies. *See, e.g.,* 42 U.S.C. § 1382b(a); *see also* 20 C.F.R. § 416.1230(a). In the absence of any ambiguity, Wilson–Coker was allowed to consider Cohen's NSLI policy in determining his Medicaid eligibility. *See Demaria v. Andersen,* 318 F.3d 170, 177 (2d Cir.2003) (observing that " '[w]here the statutory terms are clear, our inquiry [into the statute's meaning] is at an end' ") (quoting *In re Edelman,* 295 F.3d 171, 177 (2d Cir.2002)). Accordingly, Wilson–Coker's failure to exempt Cohen's NSLI from his eligibility determination did not violate the Medicaid provisions or Cohen's constitutional rights.

We have reviewed all of Cohen's remaining arguments and find them to be without merit for the reasons stated by the district court. Accordingly, the judgment of the district court is hereby **AFFIRMED.**